*1094 OPINION.
MaRquette:
At the hearing counsel for the parties hereto stipulated that in computing its net income for the year 1920 the peti *1095 tioner is entitled to deduct $120,989 for the exhaustion, wear and tear of its assets, and $45,000 on account of salary paid to its president in that year. The petitioner’s income as heretofore determined by the respondent will be adjusted accordingly.
The only other question raised by the record is whether the amount of $105,800 received by the Aldrich Land Co. in 1920, as set forth in the findings of fact, constituted taxable income to the petitioner.
It appears to be the position of the respondent that the Aldrich Land Co. did not have title to the Borchard Ranch in 1920, but that title was held by the Walberg-Dozier Land Co. in trust for the petitioner and that, therefore, the rentals in question belonged to the petitioner and constituted a part of its income. We are unable, in the light of the facts disclosed by the record, to agree with the respondent. The evidence establishes that while the option to purchase the Borchard Ranch was taken by the Walberg-Dozier Land Co. in trust for the petitioner, the purchase price, when the option was exercised, was paid by the Aldrich Land Co. with $135,000 cash advanced to it by the petitioner and by the assumption of a mortgage for $200,000, and that two days later the title was conveyed to the Aldrich Land Co. by the Walberg-Dozier Land Co., in the name of which title was first taken; and there is nothing in the record to indicate that the Aldrich Land Co. held the land in trust for, or for the benefit of, any other corporation or person. The fact that the deed to the Aldrich Land Co. was not recorded until 1922 has been satisfactorily explained and does not affect the legal aspect of the situation. Since the land belonged to the Aldrich Land Co. on and after August 23, 1920, the rentals received in October of that year belonged to that company and constituted income to it.
While these rentals were income to the Aldrich Land Co., we must consider whether they may, nevertheless, be taxed to the petitioner, which was the owner of all of the capital stock of the Aldrich Land Co. Section 240 of the Revenue Act of 1918 provides that:
Sec. 240. (a). That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return; * * *
In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit, and shall then be* assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * *
(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls *1096 through closely' affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
The petitioner and the Aldrich Land Co. were affiliated during 1920 within the meaning of the section of the statute quoted and they properly, pursuant to the requirements of that statute, filed a consolidated return of income and invested capital. But they did not enter into any agreement as to the allocation of the tax liability shown on the consolidated return. It therefore became the duty of the respondent to compute the taxes upon the basis of the consolidated return and assess them against the two companies on the basis of the net income properly assignable to each. Cincinnati Mining Co., 8 B. T. A. 79; Aragon Mills, 17 B. T. A. 257. It follows that while in that situation the rentals received by the Aldrich Land Co. from the lessees of the Borchard Ranch constituted income to that company, which should be reported on the consolidated return of the petitioner and the Aldrich Land Co., they are not taxable to the petitioner'.

Judgment will be entered wider Rule,50.